IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERONIMO ROSADO, JR., ) | |
| Plaintiff, ) | Civil Action No. 15-173E |
| ) | |
| v. ) | District Judge Rothstein |
| ) | |
| JOHN E. WETZEL, et al, ) | Magistrate Judge Baxter |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.  The Clerk of Courts should be directed to terminate all pending motions and to close this case.

**II.  REPORT**

This civil rights action was filed in this Court on July 16, 2015.

Plaintiff has repeatedly been directed by this Court to file his complaint. ECF No. 5; ECF No. 7. Most recently, Plaintiff was directed to file his complaint by September 4, 2015, or risk dismissal of his case for failure to prosecute. As of today's date, Plaintiff has failed to comply. ECF No. 7.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility;

1

2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Litigation cannot proceed without a complaint. This case is two months old, yet Plaintiff has not taken the initial steps in prosecuting his claims. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine without a complaint. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

## III.  CONCLUSION

It is hereby recommended that this case be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the

objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

September 17, 2015